UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE BOVEN, JR.,

       Plaintiff,                                      Case No: 1:11-cv-950

v                                                     HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

      Plaintiff, proceeding pro se, seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's untitled but apparent "objection" to the R & R (Dkt 15). Defendant has filed a response (Dkt 16).

      When objections are received to a magistrate judge's report on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Here, Plaintiff submitted a one-paragraph document asserting that there is nothing in the R & R about his panic attacks or records from prison and that he suffers from such severe dizziness at times that he falls to the ground (Dkt 15). He suggests that the court should obtain his prison records and "dig some

more" before making a decision, which would show the drugs he was taking, and that he had failed the GED test so many times the teacher made him exempt.

While a pro se litigant's objection should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), Plaintiff's objection wholly fails to state a proper basis for objection to the R & R.  The local rules of this Court require that the objecting party "specifically identify the portions of the proposed findings, recommendations or report to which objections are made *and* the basis for such objections."  W.D. Mich. LCivR 72.3(b) (emphasis added).  Plaintiff's mere complaint that some circumstances were disregarded, without any explanation as to how the Magistrate Judge might have erred in evaluating the Commissioner's decision or applying the pertinent legal standards, cannot serve as a basis for rejecting the Report and Recommendation.

The Magistrate Judge thoroughly reviewed the record and determined there were no obvious defects or deficiencies with regard to the ALJ's decision making process, the legal standards she applied, or the substantiality of the evidence in support of her decision.  The Magistrate Judge properly concluded that the Commissioner's decision should be affirmed. Therefore,

**IT IS HEREBY ORDERED** that the Objection (Dkt 15) is DENIED, the Report and Recommendation (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated:   September 12, 2012              /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge